UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**TRAVIS LEE PARSON and CASEY ANN PARSON,**<br><br>Debtors. | Case No. 25-10188-357<br><br>Chapter 12 |

## MEMORANDUM OPINION

The United States Small Business Administration (the "SBA"), a creditor with a junior security interest in the assets of Debtor Travis Lee Parson, has requested adequate protection of its interest in cash collateral and other collateral pursuant to Section 1205(b) of the Bankruptcy Code. The SBA attached its loan documents to its motion and a related proof of claim, but neither party has presented any other evidence.

At a hearing on July 8, 2025, I announced that I would deny the motion without prejudice because the SBA did not meet its burden of proof. This opinion explains and supplements my ruling from the bench.

I.   Factual and Procedural Background

The Debtors commenced this Chapter 12 case on April 4, 2025. Several days later, the SBA filed its motion for adequate protection. The SBA requested cash payments of $2,514 per month, which is equivalent to the monthly installment due under its loan documents. The motion refers to cash collateral and other forms of personal property that are not cash collateral, so I have construed the motion as a request for adequate protection of the SBA's interest in all of its collateral.

The SBA filed its proof of claim in the amount of $508,380.66 on April 11. Several documents were attached, including a promissory note showing that the SBA loaned the Debtor $500,000 and an Amended Security Agreement showing that he pledged all of his tangible and intangible personal property, including inventory, equipment, and accounts, as collateral for the loan. The SBA also attached documentation showing that the SBA had perfected its security interest by filing a UCC-1 financing statement. These documents also were attached to the motion for adequate protection.

The Debtor objected to the request for adequate protection, arguing that the SBA has a junior lien, that amounts owed to the senior creditors exceed the value of the collateral, and that consequently the SBA is unsecured and is not entitled to adequate protection. The SBA does not dispute that it is in a junior lien position (July 8 Audio at 2:51-54), but nothing in the record establishes the value of the Debtor's assets—except perhaps the SBA's proof of claim, which I discuss below—or the amounts owed to senior creditors. The SBA argues that it has met its burden to show the validity, priority, and extent of its lien and that the Debtor now has the burden of demonstrating that the agency's interest is adequately protected.

I held hearings on the motion on May 12 and July 8 and received supplemental briefs on the burden of proof between those hearings. As noted above, neither party presented additional evidence of the value of the SBA's interest in the Debtor's assets at either hearing.

## II.  Analysis

Whether the SBA is entitled to adequate protection payments from the Debtor turns on two issues: whether the SBA has an interest in the Debtor's property that would entitle it to adequate protection, and which party has the burden to demonstrate that the SBA does or does not have such an interest.

### A.  The SBA Must Have a Secured Claim Under Section 506(a) to be Entitled to Adequate Protection.

In bankruptcy cases, "adequate protection is a safeguard which is provided to protect the rights of secured creditors, throughout the proceedings, to the extent of the value of their property." *In re Briggs Transportation Co.*, 780 F.2d 1339, 1342 (8th Cir. 1985). If the value of a secured creditor's interest in collateral is declining, then the creditor is entitled to compensation for that decline in value. *In re Apex Oil Co.*, 85 B.R. 538, 541 (Bankr. E.D. Mo. 1988). A creditor may request adequate protection if it has an "interest in property" that the debtor uses or proposes to use. 11 U.S.C. § 363(e). Section 361 outlines different forms of adequate protection. Relevant here, Section 361(1) authorizes a court to require a debtor to make cash payments to the extent that the use of property causes "a decrease in the value of such entity's interest in such property."

The Supreme Court has concluded that the "value of such entity's interest" in Section 361(1) is equivalent to the "value of such creditor's interest" in Section 506(a). *United Savings Association of Texas v. Timbers of Inwood Forest Associates*, *Ltd.*, 484 U.S. 365, 372 (1988). Section 506(a)(1) provides that a claim "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in [the] property, … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim." The unsecured part of a claim is "any amount by which the debt exceeds the value of the collateral."

*In re Panther Mountain Land Development, LLC*, 438 B.R. 169, 194 (Bankr. E.D. Ark. 2010). When a creditor is in a junior position behind one or more senior secured creditors that have claims that collectively are greater than or equal to the entire value of the collateral, the junior creditor is "wholly unsecured" for bankruptcy purposes. *In re Schmidt*, 765 F.3d 877, 881 (8th Cir. 2014).

Said differently, a claim is not a secured claim under Section 506(a)(1) "if the value of [the] creditor's interest in the property is zero." *Bank of America, N.A. v. Caulkett*, 575 U.S. 790, 793 (2015). Because "the value of such creditor's interest" in Section 506(a)(1) means the same thing as "the value of such entity's interest" in Section 361(1), such a creditor is not entitled to adequate protection. This conclusion is consistent with common sense, for a creditor is not harmed by the decline in value of an asset if that asset has no value to that creditor in the first place. The Debtor contends that this is the situation here.

But there is a small quirk. Section 361 does not apply in Chapter 12 cases. Rather, Section 1205(b) provides the relevant tests for adequate protection, and it uses slightly different language to describe how to measure adequate protection. It requires a Chapter 12 debtor to make cash payments to the extent that the use of property causes "a decrease in the value of property securing a claim." 11 U.S.C. § 1205(b)(1). If this language is read literally, and somewhat out of context, it could mean that any creditor that holds a security interest must be compensated for a decline in value of its collateral, even if the decline in value does not affect the creditor. But Section 1205(b) continues to refer to what is being protected as "an interest of an entity in property," and that phrase evokes Section 506(a)'s "value of such creditor's interest" language. This similar language indicates that Section 506 applies when courts consider adequate protection in Chapter 12 cases. Case law suggests the same. *See In re Conrad*, No. 89-560-CJ, 1989 WL 1681230, at *3 (Bankr. S.D. Iowa Aug. 21, 1989) (concluding that certain rents were part of a creditor's secured claim in accordance with § 506(a) and noting that, if the debtor wished to use the rent amount, he needed to provide adequate protection to comply with § 1205); *In re Rennich*, 70 B.R. 69, 71-72 (Bankr. D.S.D. 1987) (explaining that § 1205 was designed to protect farmers from pro-lender interpretations of § 361 that prevailed before *Timbers*). Thus, in Chapter 12, as in other chapters, a creditor must have a secured claim, as measured by Section 506(a), to obtain adequate protection.

### B. The SBA Has the Burden Under Section 363(p)(2) to Prove That It Has a Secured Claim Meriting Adequate Protection.

Because the SBA must have a secured claim under Section 506(a) to obtain adequate protection, determining which party bears the burden of proof is important. Section 363(p)(1) places the burden of proof on the Debtor "on the issue of adequate protection." But Section 363(p)(2) requires the SBA to demonstrate "the validity, priority, or extent" of the interest that

it claims in the Debtor's property. Which of these two provisions governs whether the SBA has any collateral that has value under Section 506(a), after consideration of senior liens?

I conclude that this issue—the existence of collateral with value—is a question of the "extent" of the creditor's interest, and thus the creditor has the burden to establish it under Section 363(p)(2). In the absence of a definition in the Bankruptcy Code, courts give words in a statute their ordinary meaning. *See, e.g.*, *Ransom v. FIA Card Services, N.A.*, 562 U.S. 61, 69 (2011). "Extent" means "the range over which something extends: scope" or "the point, degree, or limit to which something extends." *Extent*, *Merriam-Webster* (last updated July 15, 2025), https://www.merriam-webster.com/dictionary/extent. To be entitled to adequate protection, then, a creditor must show the range over which its interest in the collateral extends. This includes not only straightforward questions, such as whether the security interest extends to a category of collateral (say, equipment), but also more complicated questions, such as whether the debtor owns any equipment that has any value to the creditor.

The sparse case law on this point also supports the Debtor's position. For example, the Ninth Circuit has held that "proving the extent of one's interest involves submitting evidence that enables the bankruptcy court to determine the sum to which the party asserting the security interest is entitled." *In re Hotel Sierra Vista L.P.*, 112 F.3d 429, 434 (9th Cir. 1997). Another court, in a case involving a junior secured creditor, has observed that "in all cases, the creditor bears the burden in the first instance of establishing the amount and extent of its lien under section 506(a)." *In re Residential Capital, LLC*, 501 B.R. 549, 590 (Bankr. S.D.N.Y. 2013).[1]

General principles favor the Debtor as well. When assigning the burden of proof, courts consider factors such as "(1) policy considerations underlying the substantive law; (2) which party is asserting the least probable set of facts; and (3) which party has the better access to evidence." *In re McCollum*, 415 B.R. 625, 630 (Bankr. M.D. Ga. 2009). *See generally* 2 McCormick

---

[1] Other courts have held that even on the issue of adequate protection, on which the debtor has the ultimate burden of persuasion, the creditor has an initial burden to produce evidence that adequate protection is necessary. *See Zink v. Vanmiddlesworth*, 300 B.R. 394, 402 (N.D.N.Y. 2003) ("As this Court reads sections 363 and 1205, the initial burden is typically on the creditor to show that adequate protection is necessary because of the likelihood that the value of the collateral is declining or for some other reason."); *In re Turner*, 82 B.R. 465, 468 (Bankr. W.D. Tenn. 1988) ("[T]he secured creditor is still required to show a necessity for adequate protection, which would include, in this case at least, a showing that the farm property … was likely to decrease in value."). I need not decide—at least not at this stage of this case—whether a creditor has an initial burden of production on the question of adequate protection. But by requiring a creditor to demonstrate a decline in value of collateral, these courts also necessarily require the creditor to show that it has an economic interest in the collateral.

on Evidence § 337 (9th ed. 2025) (identifying factors such as placing the burden on the party seeking change, convenience, fairness, and "the judicial estimate of the probabilities"). A demand for adequate protection often arises at the beginning of a bankruptcy case, when the automatic stay suspends the debtor's obligation to make regular installment payments, the debtor is not likely to have access to or the resources to obtain an appraisal, and a trustee probably will not have even a rudimentary understanding of the assets of the estate or their value. It is thus appropriate for a junior secured creditor to bear the burden of showing that, despite its subordinate position, there is value in its collateral to support a secured claim and a right to adequate protection.[2]

Nothing that I have said above requires a creditor to prove the exact value of its collateral before the debtor must shoulder the burden of demonstrating adequate protection. For a junior creditor, the relevant question is whether the collateral is sufficiently valuable to satisfy the claims of senior lienholders. Exactly how much value is left over for the junior creditor is not the immediate issue (though it may be relevant to determine whether the debtor's offer of adequate protection is sufficient). The junior creditor thus must show that its collateral is worth more than the balance owed to senior lienholders, but it need not establish a precise value to satisfy its burden of proving the extent of its interest in collateral.

In sum, a creditor seeking adequate protection must demonstrate that it has a secured claim, within the meaning of Section 506(a), as part of its burden of proof as to the extent of its interest in property of the bankruptcy estate.

### C. The SBA's Proof of Claim Does Not Satisfy Its Burden of Proof.

In addition to presenting copies of its loan documents, the SBA argues that its proof of claim is prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001(f). I do not agree that the SBA's proof of claim satisfies its burden of proof under Section 363(p)(2).

It is true that a proof of claim that is filed in accordance with the rules is "prima facie evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f). A party objecting to a proof of claim must present "substantial evidence" to rebut the presumptive validity of the claim. *In re Brown*, 82 F.3d 801, 805 (8th Cir. 1996), *abrogated on other grounds by Raleigh v. Illinois Department of Revenue*, 530 U.S. 15 (2000). Only at that point does the ultimate burden of

---

[2] This burden applies to a senior creditor as well, but it will rarely be a challenging one. Once the creditor demonstrates that its lien is valid and in first position, the debtor is not likely to dispute that there is some valuable collateral.

persuasion fall on the party that bears that burden under the applicable substantive law. *See Raleigh*, 530 U.S. at 26.

The Bankruptcy Appellate Panel has applied this burden-shifting framework to claim objections that concern the value of a creditor's collateral. In particular, the BAP has stated that an objecting party must produce "substantial evidence as to the value of the collateral securing any portion of the claim." *In re Austin*, 583 B.R. 480, 483 (B.A.P. 8th Cir. 2018). This requirement seems to suggest that a proof of claim is also prima facie proof of the value of the collateral that secures the claim. But it is less clear whether this presumption of validity applies outside the context of claim objections. For the reasons explained below, I conclude that it does not.

To begin with, the Supreme Court has distinguished between burdens of proof that have been established by Congress and those that are addressed by rules or non-bankruptcy law. *See Raleigh*, 530 U.S. at 21. The Court clearly situated the burden of proof for adequate protection in the former category and the burden of proof for establishing claims in the latter. *See id.* at 21-22 & n.2. The Eighth Circuit also has suggested that the prima facie validity of a proof of claim applies only to claim objections and not to other proceedings in bankruptcy. *See Brown*, 82 F.3d at 805 (stating that government could rely on prima facie validity "[b]ecause this was a claim proceeding (as opposed to an adversary proceeding)").

There is limited contrary authority from other jurisdictions. For example, in *In re Fontainebleau Las Vegas Holdings, LLC*, 434 B.R. 716, 748 (S.D. Fla. 2010), the district court considered a post-petition financing dispute and granted prima facie validity to the proofs of claim of statutory lienholders who demanded adequate protection. Because the dispute arose under Section 364(d), the more limited burden of proof of Section 364(d)(2) applied; in fact, there was a live dispute about which group of creditors had the senior lien, which plainly would have been the burden of the statutory lienholders if they had sought adequate protection under Section 363(e). *See id.* at 724-25. The court also stated that "the value of an entity's interest in the property means the value of the collateral," which is more or less accurate if the entity has a first-priority lien but is not at all true if the entity has a junior lien. *See id.* at 750.[3]

In *In re Robertson*, 135 B.R. 350, 351 (Bankr. E.D. Ark. 1992), the court considered the extent to which a third-priority lienholder, a bank, was secured for purposes of determining whether the debtor's Chapter 13 plan complied with Section 1325(a)(5). The court noted that proofs of claim are prima facie evidence of a claim's validity under Rule 3001(f) but relied on the

---

[3] The court went on to say that "the $51 million priming lien would decrease the value of [the statutory lienholders'] interests in the Debtors' assets by the same amount." *Id.* at 752. But this would not be accurate if the statutory liens were subordinate to the liens of the other lender group, which was owed more than $1 billion. *See id.* at 723.

rule only to determine the amount owed to the lender. *See Robertson*, 135 B.R. at 352. The court otherwise relied on testimony of an appraiser presented by the bank to determine the value of the collateral. Adequate protection played no role in the decision.

Rule 3001(f) serves an important role in claims litigation, streamlining the proceedings and depriving parties of the incentive to object to every claim in the hope that creditors will not find it worthwhile to litigate. But adequate-protection proceedings often involve multiple creditors with distinct interests, and it makes little sense to treat each creditor's proof of claim as prima facie valid. In this case, for example, the SBA asserts a $508,000 claim backed by $1.47 million of collateral, but senior lender Farm Credit Southeast Missouri, PCA has filed several proofs of claim totaling at least $2.35 million that are backed by $2.18 million of collateral, and junior creditor Simplot AB Retail, Inc. has filed a proof of claim for $28,000 but acknowledges that, despite having $1.34 million in collateral, it is unsecured for purposes of Section 506(a). Any effort to give prima facie validity to all of these proofs of claim in a multi-party dispute is doomed to failure.

I thus conclude that a secured creditor seeking adequate protection under Section 363(e) must establish the extent of its interest in property of the estate by some means other than the prima facie validity of its proof of claim.

## III. Conclusion

For these reasons, I will enter a separate order denying SBA's motion for adequate protection without prejudice for failure to meet its burden of proof.

Dated: July 23, 2025
St. Louis, Missouri
cjs

Brian C. Walsh
United States Bankruptcy Judge